IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM C. OSER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 13-5115-CV-SW-ODS |
| ) | Crim No. 10-05030-01-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) GRANTING MOTION TO DISMISS, (2) DISMISSING MOTION FOR POSTCONVICTION RELIEF AND DAMAGES AND (3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant's request for postconviction relief pursuant to 28 U.S.C. § 2255. The motion includes a request for $5 million dollars in damages. The Government has filed a Motion to Dismiss, arguing Movant's request is untimely. The Government's Motion to Dismiss is granted, and the Court declines to issue a Certificate of Appealability.

## I. BACKGROUND

Movant was originally charged by way of a Complaint on August 5, 2010, but he was subsequently indicted on August 31, 2010, with one count of failing to register as a sex offender as in violation of 18 U.S.C. § 2250(a). He appeared before the Honorable James C. England, then a Magistrate Judge on this Court, and changed his plea to guilty. No plea agreement was in place. Judge England recommended that Movant's guilty plea be accepted, and it was accepted by Order dated December 6, 2010. On March 15, 2011, Movant was sentenced to sixty months of imprisonment. The Judgment and Commitment Order was signed on March 16, has a filing date of March 16, but the text accompanying the entry indicates it was entered on March 17. Regardless, Movant did not appeal the conviction or sentence.

Movant initiated this proceeding in August 2013 when he placed his motion in the prison mail system – but this was more than two years after his conviction became final. The Government responded with its Motion to Dismiss. Movant has not responded.

## II.  DISCUSSION

### A.  The Motion to Dismiss

A motion for relief under section 2255 must be filed within one year of the judgment of conviction becoming final, unless one of three other specified events occurred later.  28 U.S.C. § 2255(f).  None of the other events appear to apply, and Movant has not suggested any do.  Movant's conviction became final on March 31, 2011, so his motion for postconviction had to be filed on or before April 2, 2012.

Movant has not presented any arguments that would support tolling the deadline. His only argument related to timeliness is that jurisdictional arguments cannot be waived and can be raised at any time.  While this may be true, Movant has not presented a valid jurisdictional argument.  He contends the Court lacked jurisdiction because the Government charged him with a state offense, but this is clearly not true: he was charged with violating a federal statute, and the constitutionality of this statute has been confirmed over arguments contending it exceeded Congress' power.  E.g., Bacon v. Neer, 631 F.3d 875 (8th Cir. 2011).

There is no jurisdictional argument presented, and there is no other basis for concluding Movant's request for relief is timely.  The Motion to Dismiss is granted.[1]

### B.  Certificate of Appealability

In order to appeal, Petitioner must first obtain a Certificate of Appealability.  The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the

---

[1]The Court's ruling makes it unnecessary to address the propriety of Movant's damage request.

Court's mind and efficiency is promoted. See Rule 11(b), Rules Governing Section 2254/2255 Proceedings. The Court's procedural ruling precludes consideration of the merits, so a Certificate of Appealability should be issued if "jurists of reason would find it debatable whether the person states a valid claim" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The decision that a postconviction motion is time-barred constitutes such a procedural decision. E.g., Anjulo-Lopez v. United States, 541 F.3d 814, 816-17 (8th Cir. 2008); Boston v. Weber, 525 F.3d 622, 623-24 (8th Cir. 2008).

The Motion for Postconviction Relief was clearly filed out of time. Movant has presented no arguments against this conclusion, nor has he presented any arguments against dismissal. There is no basis for issuing a Certificate of Appealability.

### III. CONCLUSION

The Motion to Dismiss is granted, and this case is dismissed with prejudice. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 8, 2014  UNITED STATES DISTRICT COURT